UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NANCY MALDONADO, AS THE ADMINTRATRIX
OF THE ESTATE OF JONATHAN MALDONADO,

                Plaintiff,

vs.

THE TOWN OF GREENBURGH, POLICE OFFICER
JEAN-PAUL LARA, LIEUTENANT GREGORY P.
ATTALIENTI, POPICE OFFICER S.H. DEASTIS,
POLICE OFFICER S.M. HARDING, POLICE OFFICER
B.P. DOHERTY, POLICE OFFICER M.C. COLE,
POLICE OFFICER A. MARZELLA, POLICE OFFICER
A.B. PREISER, POLICE OFFICER RICHARD MAGUIRE,
DETECTIVE/PARAMEDIC SEAN FREEMAN, EMP F/N/U
THOMPSON, PARAMEDIC KENNETH THOMPSON,
PARAMEDIC KENNETH MORELLO,

                Defendants.

------------------------------------------------------------------x

**ANWSER**

18 CV 11077

(KMK) (LMS)

      Defendants, Police Officer Jean-Paul Lara, Lieutenant Gregory P. Attalienti, Police Officer S.H. Deastis, Police Officer S.M. Harding, Police Officer B.P. Doherty, Police Officer M.C. Cole, Police Officer A. Marzella, Police Officer A.B. Preiser, Police Officer Richard Maguire, Detective/Paramedic Sean Freeman, by their attorney Thomas J. Troetti, as and for an Answer to the Verified Complaint of the plaintiff, Nancy Maldonado, as the Administratrix of the Estate of Jonathan Maldonado, allege as follows:

      <u>FIRST</u>: Denies knowledge or information sufficient to form a belief as to the allegations set forth at those paragraphs of the Complaint designated "4," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "28," "29," "30," "31," "32," "38," "41," "49," "53," "54" and "63."

      <u>SECOND</u>: Denies the allegations set forth at those paragraphs of the Complaint designated "33," "34," "35," "36," "37," "39," "40," "42," "43," "44," "45," "46," "47," "50," "51," "52,"

1

"56," "57," "58," "59," "60," "61," "65," "66," "67," "68," "70," "71," "72," "74," "75," "76," "77," "79," "80," "81," "82," "84," "85," "86," "87," "88," "89," "91," "94," "96," "97," "98," "100," "102," "104," "105," "106," "108," "112," and "114."

THIRD:   Denies knowledge or information sufficient to form a belief as to the allegations set forth at those paragraphs designated "1," "2," "3," "5," "62," of the Complaint and refers all questions of law to the Court.

FOURTH:   The answering defendants repeat and reallege those allegations of the Answer to those paragraphs of the Complaint designated "64," ""69," "73," "78," "83," "92," "99," "103," "109" and "113."

FIFTH:   Denies the allegations of paragraph "6," except to admit that the Defendant Police Officer Jean-Paul Lara was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

SIXTH:   Denies the allegations of paragraph "7," except to admit that the defendant Lieutenant Gregory P. AttalientiI was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

SEVENTH:   Denies the allegations of paragraph "8," except to admit that the defendant Police Officer S.H. Deastis was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

EIGHTH:   Denies the allegations of paragraph "9," except to admit that the defendant Police Officer S.M. Harding was, and is, employed as a police officer by the Town of Greenburgh

and, at all times relevant, was acting under the color of law and within the scope of his employment.

NINTH:   Denies the allegations of paragraph "10" that the defendant Police Officer B.P. Harding is employed as a police officer by the Town of Greenburgh.

TENTH:   Denies the allegations of paragraph "11," except to admit that the defendant Police Officer M.C. Cole was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

ELEVENTH: Denies the allegations of paragraph "12," except to admit that the defendant Police Officer A. Marzella was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

TWELTH:  Denies the allegations of paragraph "13," except to admit that the defendant Police Officer R.L. Davis was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

THIRTEENTH:   Denies the allegations of paragraph "14," except to admit that the defendant Police Officer A.B. Preiser was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

FOURTEENTH:   Denies the allegations of paragraph "15," except to admit that the defendant Police Officer Richard Maguire was, and is, employed as a police officer by the Town

of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

FIFTEENTH: Denies the allegations of paragraph "16," except to admit that the defendant Detective/Paramedic Sean Freeman was, and is, employed as a police officer by the Town of Greenburgh and, at all times relevant, was acting under the color of law and within the scope of his employment.

SIXTEENTH: Admits the allegations of paragraph "48" that Jonathan Maldonado was taken to White Plains Hospital.

SEVENTEENTH: Denies that allegations of paragraph "55," except to admit that Defendant Lieutenant Attaliento was on the scene and, together with other supervisors, was responsible for directing some of the actions of some of the Greenburgh police officers.

EIGHTEENTH: Denies the allegations of paragraph "90," except to admit that the Town of Greenburgh would be responsible under the doctrine of *respondent superior* for all actions taken by the answering defendants within the scope of their employment as police officers and leaves all questions of law to the Court.

NINETEENTH: Denies the allegations of paragraph "93," except to admit that at all times mentioned the defendant police officers discharged their duties within the scope of their employment.

TWENTIETH: Denies the allegations of paragraph "95," except admits that the defendant, TOWN OF GREENBURGH, is responsible for all actions of its employees taken within the scope of their employment.

TWENTY-FIRST: Admits the allegations of paragraph "101," that the defendant, Town of Greenburgh, is responsible for its employees' actions taken within the scope of their employment, including police officers and medical personnel.

TWENTY-SECOND: Admits the allegations of paragraph "107," that the defendant, TOWN OF GREENBURGH, is responsible for its employees' actions taken within the scope of their employment, including police officers and medical personnel.

TWENTY-THIRD: Denies the allegations of paragraph "110," except to admit that at all times mentioned the defendants, Lara, Attalienti, Deastis, Harding, Doherty, Cole, Marzella, Davis, Preiser, Maguire and Freeman were acting within the scope of their employment as police officers and/or medical personnel for the Defendant, Town of Greenburgh.

TWENTY-FOURTH: Denies the allegations of paragraph "111," except to admit that the defendant Town of Greenburgh, is liable under the doctrine of *respondent superior* for the actions of the individual defendants within the scope of their employment and leaves all questions of law to the Court.

TWENTY-FIFTH: Denies the allegations of paragraph "115," except to admit that the defendant, Town of Greenburgh, is responsible under the doctrine of *respondent superior* for the actions of its employees within the scope of their employment and leaves all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The answering defendants at all times acted in good faith and are protected by qualified immunity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a federal or state cause of action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

There was reasonable suspicion to detain Jonathan Maldonado.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiff's New York state law and federal causes of action are barred by the applicable state of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to meet all conditions precedent to suit under state law.

## AS AND FOR A SXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with the requirements of New York State General Municipal law section 50(e) as a result of which her state law claims should be dismissed.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

There was probable cause to arrest Jonathan Maldonado.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any acts of the answering defendants which are alleged to have negligently caused any physical injury and/or emotional damage were caused by the culpable conduct of Jonathan Maldonado.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If the plaintiff has recovered the costs of medical and hospital care and hospital loss, other economic loss and any future losses or expenses in whole or in part from collateral sources, then any award made to plaintiff shall be reduced in accordance with the provisions of New York State Civil Practice Law and Rules section 4545(c).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSES

The answering defendants are shielded against liability for any acts of negligence based the doctrine of governmental function immunity.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The cause of action for excessive use of force and unreasonable search and seizure must be dismissed because there was no Fourth Amendment seizure.

WHEREFORE, the answering defendants demand judgment dismissing the Complaint, together with cost and the disbursements.

DATED: White Plains, New York
December 15, 2018

Yours, Etc.,

_____
THOMAS J. TROETTI (7184)
Attorney for Defendants, POLICE OFFICER JEAN-PAUL LARA, LIEUTENANT GREGORY P. ATTALIENTI, POLICE OFFICER S.H. DEASTIS, POLICE OFFICER S.M. HARDING, POLICE OFFICERB.P. DOHERTY, POLICE OFFICER M.C. COLE, POLICE OFFICER A. MARZELLA, POLICE OFFICER A.B. PREISER, POLICE OFFICER RICHARD MAGUIRE, DETECTIVE/PARAMEDIC SEAN FREEMAN
305 Old Tarrytown Road
White Plains, New York 10603
(914) 946-1875

TO: NEWMAN FERRARA, LLP
Attorneys for NANCY MALDONADO, AS THE ADMINSTRATRIX OF THE ESTATE OF JONATHAN MALDONADO
1250 Broadway, 27th Floor
New York, New York 10001

TIMOTHY LEWIS, Town Attorney
Attorney for EMT F/N/U THOMPSON,
PARAMEDIC KENNETH MORELLO and
TOWN OF GREENBURGH
177 Hillside Avenue
Greenburgh, New York 10603