UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCY MALDONADO, *as the Administratrix of the Estate of Jonathan Maldonado*,

                                       *Plaintiff*,

     v.

TOWN OF GREENBURGH, *et al.*,

                                      *Defendants*.

No. 18-CV-11077 (KMK)

<u>ORDER & OPINION</u>

---

<u>Appearances</u>:

Debra Sue Cohen, Esq.
Randolph M. McLaughlin, Esq.
Newman Ferrara LLP
New York, NY
*Counsel for Plaintiff*

Kenneth Ethan Pitcoff, Esq.
Michael Adam Czolacz, Esq.
Cristina A. Soller, Esq.
Rebecca June Rosedale, Esq.
Morris Duffy Alonso & Faley
New York, NY
*Counsel for Defendant Town of Greenburgh*

Richard L. Marasse, Esq.
Town of Greenburgh, Office of Town Attorneys
Greenburgh, NY
*Counsel for Defendant Town of Greenburgh*

Thomas J. Troetti, Esq.
Law Office of Thomas J. Troetti
Rye, NY
*Counsel for Defendants Lara, Attalienti, Maguire, and Freeman*

KENNETH M. KARAS, United States District Judge:

Nancy Maldonado ("Plaintiff") brings this Action in her capacity as the Administratrix of the Estate of Jonathan Maldonado ("Maldonado"), against the Town of Greenburgh ("Greenburgh"), Police Officer Jean-Paul Lara ("Lara"), Lieutenant Gregory P. Attalienti ("Attalienti"), Police Officer Richard Maguire ("Maguire"), and Detective/Paramedic Sean Freeman ("Freeman") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 and New York law. (*See generally* Am. Compl. (Dkt. No. 63).)

The Court assumes the Parties' familiarity with the factual and procedural background of the Action as described in its prior Opinion. *See Maldonado v. Town of Greenburgh*, No. 18-CV-11077, 2024 WL 4336771, at *2–7 (S.D.N.Y. Sept. 26, 2024). On September 26, 2024, the Court granted Defendants' motion for summary judgment. *See generally id.* On October 7, 2024, the Court held a telephonic status conference and directed the Parties to file supplemental briefing on the issues and claims remaining in the case. (*See* Dkt., minute entry dated Oct. 7, 2024.)

Plaintiff initially brought a claim for excessive force, infliction of pain, and denial of adequate medical care against Maguire, Lara, Freeman, and Attalienti, (Am. Compl. ¶¶ 86–89 (First Claim)); a deliberate medical indifference claim against all Defendants, (*id.* ¶¶ 90–92 (Second Claim)); a conspiracy claim against all Defendants, (*id.* ¶¶ 93–97 (Third Claim)); a supervisory liability claim against Attalienti, (*id.* ¶¶ 98–103 (Fourth Claim)); a state assault and battery claim against all Defendants, (*id.* ¶¶ 104–12 (Fifth Claim)); a state negligence claim against all Defendants, (*id.*¶¶ 113–19 (Sixth Claim)); a state wrongful death claim against all Defendants, (*id.* ¶¶ 120–23 (Seventh Claim)); a state conscious pain and suffering claim against

all Defendants, (*id.* ¶¶ 124–29 (Eighth Claim)); and a respondeat superior liability claim against

Greenburgh, (*id.* ¶¶ 130–33 (Ninth Claim)).

In its Opinion on Defendants' motion to dismiss, the Court dismissed Plaintiff's wrongful

death claim (Seventh Claim), and "limit[ed] the scope of Attalienti's liability" given that Plaintiff

had "plausibly alleged" Attalienti's "personal involvement . . . as to everything that occurred

after his arrival." (Dkt. No. 107 at 21, 29.)  In its Opinion on Defendants' motion for summary

judgment, the Court excluded Dr. Baden's opinions regarding the cause of Maldonado's death,

*Maldonado*, 2024 WL 4336771, at *14–15, dismissed Plaintiff's claims of deliberate

indifference (Second Claim), *id.* at *18, conspiracy (Third Claim), *id.* at *22, and Attalienti's

supervisory liability (Fourth Claim), *id.*, and found that Lara was entitled to qualified immunity

on Plaintiff's excessive force claim, *id.* at *21. Accordingly, the Court lays out what remains:  a

claim for excessive force against Maguire, Freeman, and Attalienti (First Claim); a state assault

and battery claim against Maguire, Freeman, and Attalienti (Fifth Count); a state negligence

claim against all Defendants (Sixth Count); a state conscious pain and suffering claim against all

Defendants (Eighth Claim); and a respondeat superior liability claim against Greenburgh (Ninth

Claim).[1]

---

[1] For the sake of clarity, the Court notes that its earlier finding of qualified immunity for Lara on Plaintiff's Section 1983 excessive force claim also applies to the state assault and battery claim.  *See Delgado v. City of New York*, No. 19-CV-6320, 2023 WL 6390134, at *7 (S.D.N.Y. Oct. 2, 2023) ("Because 'a similar doctrine [to qualified immunity] exists under New York common-law,' if Defendants are 'entitled to qualified immunity under federal law, summary judgment would be similarly appropriate on [Plaintiff's analogous] state law . . . claim.'") (quoting *Jenkins v. City of New York*, 478 F.3d 76, 86–87 (2d Cir. 2007))); *Cole v. Mesiti*, No. 19-CV-6012, 2022 WL 17324841, at *6 (W.D.N.Y. Nov. 29, 2022) ("Where qualified immunity applies to a plaintiff's Section 1983 Fourth Amendment excessive force claim, it also applies to her analogous New York State law assault and battery claims." (citing *Jenkins*, 478 F.3d at 86–87)).

Defendants filed supplemental briefing on November 25, 2024, arguing the following: the excessive force claims "should be limited to the time between [Maldonado's] initial encounter with the police and the time he was handcuffed," (Defs' Supp. Mem. ("Defs' Mem.") (Dkt. No. 236) 4–5); Plaintiffs lack any evidence of causation, and so should be precluded from recovering damages associated with Maldonado's death, (*id.* 14); Dr. Milovanovic should not be permitted to opine on causation as it relates to Maldonado's death, (*id.* 13–14); all claims against Lara should be dismissed, (*id.* 14–17); and Attalienti should be dismissed from this Action, (*id.* 17–18). Plaintiff filed an opposition on January 31, 2025. (*See* Pl's Supp. Mem. in Opp. (Dkt. No. 246).) Defendants filed a reply on February 21, 2025. (*See* Defs' Supp. Reply Mem. (Dkt. No. 250).) The Court construes Defendants' briefing as a motion for reconsideration.

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Rivas v. Melecio*, No. 23-CV-5718, 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024) (quoting *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013)); *see also Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, No. 13-CV-4577, 2018 WL 11396029, at *2 (S.D.N.Y. June 6, 2018).

In the Second Circuit, motions for reconsideration are judged by a strict standard and should not be granted where the moving party seeks solely to relitigate an issue already decided. *See Sacerdote v. New York Univ.*, 9 F.4th 95, 118 n.94 (2d Cir. 2021) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and

strictly applied so as to avoid repetitive arguments on issues that have been considered fully by

the [c]ourt." (internal quotation marks and citation omitted)). "[R]econsideration is appropriate

when new evidence was not previously available despite diligence." *Williams v. Westchester*

*Med. Ctr. Health Network*, No. 21-CV-3746, 2025 WL 1002010, at *1 (S.D.N.Y. Apr. 2, 2025);

*see also Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 146 (2d Cir. 2011) (noting that

evidence that the moving party "had known about . . . for over a year" was neither new nor

newly discovered). "Motions for reconsideration are not intended to be 'a vehicle for relitigating

old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking a second bite at the apple.'" *Fecteau v. City of Mount Vernon*, No. 23-CV-

9173, 2025 WL 873018, at *19 (S.D.N.Y. Mar. 20, 2025) (quoting *Harriram v. City Univ. of*

*New York*, No. 22-CV-9712, 2024 WL 4553906, at *3 (S.D.N.Y. Oct. 22, 2024) (denying a

motion for reconsideration where plaintiff failed to provide "data that the court overlooked")).

"A movant may not 'rely upon facts, issues, or arguments that were previously available but not

presented to the court.'" *Azzarmi v. Neubauer*, No. 20-CV-9155, 2023 WL 6255678, at *1

(S.D.N.Y. Sept. 26, 2023) (quoting *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y.

2014)). "A motion for reconsideration should be granted only when the [movant] identifies 'an

intervening change of controlling law, the availability of new evidence, or the need to correct a

clear error or prevent manifest injustice.'" *Alvarez v. City of New York*, No. 11-CV-5464, 2017

WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Techiel Mechil of Tartikov, Inc.*

*v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).

      Defendants' arguments are, in general, a disfavored second bite at the summary judgment

apple. In particular, Defendants seek to limit liability of and dismiss certain claims against

individual Defendants and argue that Plaintiff's case finds no support in the record, but they had

their chance to make these or similar arguments at summary judgment and did not take it.  To the

extent applicable, Defendants are free to bring up these arguments at the close of Plaintiff's case

or in a motion in limine.  As Defendants have identified no intervening change of law, new

evidence, or clear error, the motion for reconsideration is denied.  *See Flores v. Bergtraum*, No.

20-CV-1240, 2023 WL 6258675, at *2 (S.D.N.Y. Sept. 26, 2023) (denying a motion for

reconsideration where the movant failed to identify an intervening change of controlling law,

new evidence, or the need to correct a clear error or prevent manifest injustice).

The Court hereby schedules a telephonic status conference for July 29, 2025, at 10:30

AM.  The Clerk of Court is respectfully directed to terminate the pending motion flag at Dkt. No.

243.

SO ORDERED.

Dated:    July 9, 2025
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge